IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  JOANNE JESTER	:	CIVIL ACTION

:	NO.  06-02126

Golden, J.	March 8, 2007

## MEMORANDUM OPINION AND ORDER

Appellant, the Philadelphia Parking Authority (the Authority), appeals an order of the Bankruptcy Court granting Appellee Joanne Jester's Motion for Contempt of Automatic Stay.  The Court AFFIRMS the judgment of the Bankruptcy Court.

The Authority impounded and then auctioned Jester's car after she had filed a bankruptcy petition.  The Authority challenges the Bankruptcy Court's holding that its actions were not excepted from the automatic stay under 11 U.S.C. § 362 (b)(1), which allows criminal enforcement against debtors to proceed despite a stay, and 11 U.S.C. § 362 (b)(4), which permits government agencies to continue the exercise of their police or regulatory powers despite a stay.  This Court concurs with the Bankruptcy Court's holding that the auctioning of Jester's car was an action under civil, rather than criminal law, and thus the § 362 (b)(1) exception does not apply.  Moreover, this Court agrees with the Bankruptcy Court that the auctioning of Jester's car was primarily undertaken to enforce a money judgment, rather than to prevent future harm to the public, making the § 362 (b)(4) exception inapplicable.  This Court will not disturb the Bankruptcy Court's conclusion that the Authority received appropriate notice of Jester's bankruptcy petition when Jester discussed the petition with an Authority intake clerk.  Finally, the Court is unpersuaded by the Authority's argument that because Jester exempted the car from her estate on her amended bankruptcy schedules and in her confirmed Chapter 13 plan *after* the Authority sold it at auction, the auction itself was equitably moot.

**Standard of Review**

The Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158 (a). A district court may not set aside the factual findings of the Bankruptcy Court unless they are clearly erroneous. *In re: TWA*, 145 F.3d 124, 131 (3d Cir. 1998). The Bankruptcy Court's conclusions of law are subject to *de novo* review. *Id.*

**Factual Background**

Jester filed a Chapter 13 bankruptcy petition on September 9, 2005. In 2004, she had accumulated three unpaid parking tickets for expired meters, and one unpaid ticket for an expired registration and/or the failure to register the vehicle. Jester listed the Authority as an unsecured creditor owed $571 on her Chapter 13 Petition and Schedules.

On September 14, 2005, five days after Jester filed her bankruptcy petition, the Authority seized and impounded her car because it still lacked proper registration. The attendant towing and storage charges accumulated to over $1,000.00. Jester did not appear at appeal hearings to contest the tickets or the car's impoundment. She did, however, come to the Authority twice in September 2005 to inquire about the possible return of her car. Jester alleges that during these visits, she told the intake clerk about her pending bankruptcy petition, and was instructed to produce a copy of the petition carrying the seal of the Bankruptcy Court to effectuate the return of her car.

The Authority sent Jester a notice that her car might be auctioned, which also described the appeal process and her right to recovery of the vehicle. The Authority then obtained permission from the Philadelphia Court of Common Pleas to sell the vehicle. The car, which Jester valued at $1,200, was sold at auction on October 22, 2005. There are no records that establish the value of the sale. On October 25, 2005 Jester's counsel faxed a copy of the Notice of Bankruptcy Filing to the Authority.

**The § 362 (b)(1) Exception to the Automatic Stay**

The Authority argues that its post-petition sale of Jester's car was exempt from the automatic stay because it was part of "the commencement or continuation of a criminal action or proceeding against the debtor." 11 U.S.C. § 362 (b)(1).  The Bankruptcy Court disputed this idea, characterizing the proceeding against Jester as civil in nature, and primarily motivated by the Authority's admitted financial interest in Jester's vehicle.  Op. at 7-8.  This Court concurs that the sale of Jester's vehicle was an action under civil law, and thus the exception to the automatic stay under 11 U.S.C. § 362 (b)(1) does not apply.

The Authority overlooks the City of Philadelphia's legislative findings that parking code violations are civil, as well as similar Third Circuit Court of Appeals precedent.  The Authority points to case law that suggests that traffic and parking violations are considered summary violations, and therefore criminal or quasi-criminal in nature.  *See, e.g., Commonwealth v. Rudinski*, 555 A.2d 931, 934 (Pa. Super. Ct. 1989); *Commonwealth v. Herb*, 852 A.2d 356, 365 (Pa. Super. Ct. 2004). The City of Philadelphia, however, took specific steps to sever parking violations from the criminal justice system in 1989, citing inefficiency and "unfairness to citizens caused by the threat and stigma of a criminal sanction."  Phila. Code and Charter § 12-2801 (2).  The Authority asks the Court to read this section of the Code as delegating criminal law enforcement to an administrative body for purposes of efficiency, without changing the underlying criminal nature of a parking offense. Appellant Br. at 18, 20-21.

The Third Circuit, however, has recognized that Philadelphia's 1989 transition changed parking violations from criminal to civil offenses.  *See O'Neill v. City of Phila.*, 32 F.3d 785, 787 (3d Cir. 1994) ("The effect of the 1989 reorganization was to change the nature of parking violations from summary offenses, which were criminal in nature, to civil violations.")  The Third Circuit

3

acknowledged that parking enforcement was critical to the city, quoted Supreme Court language noting that important state interests are vindicated by noncriminal proceedings that "bear a close relationship to proceedings criminal in nature," but still clearly characterized parking offenses in Philadelphia as civil.  *Id.* at 792 n.15 (quoting *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).  In contrast, neither of the cases cited by the Authority are relevant because they concern violations that took place outside of Philadelphia.  This Court affirms the Bankruptcy Court's holding that the Authority's action to enforce parking laws was civil in nature, and that the exception to an automatic stay under 11 U.S.C. § 362 (b)(1) does not apply.

**The § 362 (b)(4) Exception to the Automatic Stay**

The Authority next argues that its actions were excepted from the automatic stay because they were "the commencement or continuation of an action or proceeding by a governmental unit...to enforce such governmental unit's...police and regulatory power."  11 U.S.C. § 362 (b)(4).  The Bankruptcy Court agreed that the initial ticketing and impounding of Jester's car fit within this exception, but found that the auction of the car was an attempt to collect a money judgment and thus not subject to the U.S.C. § 362 (b)(4) exception.  This Court affirms the Bankruptcy Court.

The § 362 (b)(4) exception does not apply to a government agency's efforts to enforce a money judgment.  *Id*.  The legislative history of the Bankruptcy Code explains that the government may not grant itself "preferential treatment" over other creditors by claiming that it must collect a debtor's assets in furtherance of its police powers.  *Penn Terra v. Dept. of Envtl. Res.,* 733 F.2d 267, 273 (3d Cir. 1984).  The Third Circuit has held that not all actions which require a debtor to spend money are "money judgments."  *Id.* at 277-78.  To determine whether an agency sought to simply enforce a money judgment rather than more broadly enforce its regulatory powers, the Third Circuit examined a number of factors including:

- whether the agency sought payment as a creditor or obligee;

- whether the payment of money alone could satisfy the agency's regulatory requirements;

- whether the debtors's liability could be reduced to a sum certain; and

- whether the agency's goal is to redress past harm, or to prevent future harm.

*Id.* at 275-78.

Applying these factors to the Authority's sale of Jester's car, the Bankruptcy Court concluded that the Authority had acted to satisfy a money judgment, making the § 362 (b)(4) exception inapplicable. Op. at 10. The Bankruptcy Court reasoned that Jester's debt was reduced to a sum certain, and that the Authority acted as a creditor to seek compensation for past damages. *Id.* The Authority argues that its primary motivation in selling Jester's car was inventory management, and notes that the amount collected at auction for a car is usually too small to satisfy a meaningful judgment. Appellant Br. at 23. It claims that by reducing its inventory, it would prevent future harm to the public by increasing its capacity to impound additional, unregistered cars. *Id.*

Most of the factors which the Third Circuit flagged in *Penn Terra* as markers of a money judgment apply unambiguously to the Authority's actions: the Authority was Jester's creditor; Jester's debt was reduced to a sum certain; and the Authority's regulatory mission could have been completed had Jester simply made a payment. Moreover, the Authority's petition to the Court of Common Pleas for leave to sell the cars stated that the Authority was acting pursuant to its "financial interest" in the cars, 05–bk-32185, Document #55, Exhibit C, Pet. ¶¶ 7-8, and the Philadelphia County procedure for the sale of impounded or seized motor vehicles provides that the Authority may "take such steps as necessary to *recover payment* of such fines, penalties, charges, or outstanding summonses, including...auction of the vehicle." *Id.* at Exhibit F ¶ 2 (emphasis supplied). The

5

Authority's argument that it acted to prevent future harm to the public is unpersuasive because the link between the sale of Jester's car and public safety is tenuous. In *Penn Terra*, by contrast, an environmental agency sought to enforce an injunction to prevent ongoing violations and thus future harm caused directly by the debtor itself. 733 F.2d at 278. Thus, the Court affirms the Bankruptcy Court's holding that the Authority acted to enforce a money judgment, and that the § 362 (b)(4) exception does not apply.

**Award of Damages and Attorney's Fees**

Finding that the Authority had willfully violated the automatic stay, the Bankruptcy Court awarded damages and attorney's fees, which the Authority now appeals. In this Circuit, a creditor willfully violates an automatic stay when it has knowledge of the stay and commits an intentional act which violates the stay. *Cuffee v. Atl. Bus. and Cmty. Dev. Corp. (In re: Atl. Bus. Cmty. Dev. Corp.)*, 901 F.2d 325, 329 (3d Cir. 1990). Because the creditor need not intend for its acts to violate the stay, *id.*, the critical issue in this case is whether the Authority knew that Jester had filed a bankruptcy petition and that an automatic stay was in place.

The Bankruptcy Court believed Jester's testimony that she had "made multiple contacts [with the Authority] to recover the Vehicle before it was sold," op. at 12, and further believed that these contacts provided the Authority with notice of Jester's petition and stay. This Court will not disrupt the Bankruptcy Court's assessment of witness credibility.

Furthermore, the Authority provides no reason for this Court to question the Bankruptcy Court's legal conclusion that Jester's appearances gave it sufficient notice of the stay. The Authority concedes that informal and oral notice can provide notice of a stay to a creditor, and cites a number of cases to stand for that proposition. *Will v. Ford Motor Credit Co. (In re: Will)*, 303 B.R. 357, 363-64 (N.D. Ill. 2003); *In re: Stewart*, 190 B.R. 846, 849-50 (Bankr. C.D. Ill. 1996); *In re: Forty-Five*

6

*Fifty-Five*, 111 B.R. at 920, 921 n.2 (Bankr. D. Mont. 1990).  These cases do not suggest that there is a preferred method for the delivery of informal notice of a bankruptcy filing to a creditor.  A phone call will do.  *See In re:  Forty-Five Fifty-Five*, 111 B.R. at 921; *Patterson v. Chrysler Financial Co. (In re:  Patterson)*, 263 B.R. 83, 91 (Bankr. E.D. Pa. 2001).  Jester's personal appearances at the Authority carry no less weight than a phone call from counsel.  Given its size, the Authority argues, Jester's oral notice of her petition to an intake clerk did not effectively impart knowledge to it.  Although the Authority may be correct as a matter of common sense, it provides no citations to challenge Jester's type of notice as ineffective as a matter of law.  Thus, this Court affirms the Bankruptcy Court's holding that the Authority willfully violated the automatic stay, and the award of damages and attorney's fees.

**Equitable Mootness**

Finally, the Authority argues that even if the post-petition sale of the car violated the automatic stay, the violation was equitably moot, because Jester exempted the car from her estate.  The Authority's argument fails because it had already sold the car by the time Jester exempted it in her amended schedules on October 31, 2005.  In addition, this Court joins the Bankruptcy Court in rejecting the Authority's argument that ownership of the car had revested in Jester upon confirmation of her Chapter 13 plan on March 16, 2006–months after the car was sold at auction.

The Bankruptcy Court noted that, when a debtor files for bankruptcy, all of her property becomes property of her estate.  *Taylor v. Freeland & Kronz*, 503 U.S. 638, 642 (1992).  At a minimum, even property which will eventually be exempt remains part of the estate for 30 days past the first meeting of creditors.  *Fed. R. Bankr. P. 4003*.  The pertinent meeting of creditors in this case took place on October 31, 2005.  Thus, there is no question that the car belonged to Jester's estate

when it was sold on October 22, 2005.  The car's eventual appearance in Jester's Chapter 13 schedules and confirmed plan does not render the violation of the automatic stay equitably moot.

The Judgment of the Bankruptcy Court is AFFIRMED.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  JOANNE JESTER          :          CIVIL ACTION

                                                    :          NO.  06-02126

## ORDER

AND NOW, this 8th day of March, 2007, the Order of the Bankruptcy Court granting the Motion for Contempt of Automatic Stay, entered April 12, 2006, is AFFIRMED.

BY THE COURT:

/s/ Thomas M. Golden
THOMAS M. GOLDEN, J.